followed by such an actual and continued change in their pos-
session as would, without a verification of its consideration and
without its being recorded, render the instrument valid against
the creditors of its maker.   The proofs show that the defendant
took possession of the property transferred, not as mortgagee or
as the agent of a mortgagee, but as its absolute owner, and dealt
with it and disposed of it as its owner.

The complainants are entitled to a decree, with costs.

*Mr. Samuel J. McDonald,* for the appellant.

*Mr. James E. Howell* and *Mr. John O. H. Pitney,* for the
respondents.

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON,
LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN,
GREEN, KRUEGER, SIMS, SMITH—13.

*For reversal*—None.

---

JOEL THOMAS, appellant,

*v.*

FRANCIS D. WEAVER et ux., respondents.

In an action against husband and wife to enforce the specific performance
of a contract to convey land, a plea by the wife that complainant refused to
carry out the agreement unless she executed a like agreement, which she did,
without consideration and solely to answer for the default of her husband in
carrying out said agreement, is a good defence to an action against her under
the statute (*Rev. tit. "Married Women"* § *5*) providing that no married woman
shall be liable on a promise to answer for the default of another.

On appeal from an order advised by Vice-Chancellor Green, who delivered the following opinion :

This bill is filed for the specific performance of a contract to convey three certain tracts of land in West Berlin, in this state, to the complainant.

This contract was incorporated in two separate written agreements, both dated February 1st, 1893 ; both executed by the complainant as party of the first part, one executed by Francis D. Weaver as party of the second part thereto, and the other by Catharine B. Weaver, wife of Francis D. Weaver, as party of the second part. Each provides that the party of the second part, in consideration of the transfer to him and her of the right, title and interest of the complainant in and to a certain printing business, and the personal property incident thereto, at 1028 Filbert street, Philadelphia, agrees to convey by proper and sufficient deed or deeds to the complainant or his nominee the property in question, free and clear of encumbrance, liens and claims of every kind ; and to further pay to the complainant the sum of $500 in four months ; and further to put the property in good repair before conveyance.

The agreement signed by the wife contains the following statement :

"It being understood and agreed that this agreement and one of like date, made between the said Joel Thomas and the said Francis D. Weaver, constitute and make up the entire contract between the said parties, and are to be taken and considered as one entire contract."

The bill alleges that, in pursuance of the contract, the complainant, on the 4th of February, 1893, executed and tendered a bill of sale for the printing establishment mentioned unto Francis D. Weaver and Catharine B. Weaver, who accepted the same and at once took possession as the absolute and unqualified owners thereof.

That the defendants not having made the repairs mentioned in the contract at that time, refused to execute a deed until the repairs were in fact made ; but avers that such repairs have now

been made, and· that the defendants still refuse to convey the property to him.

Francis D. Weaver has answered the bill.

Catharine B. Weaver, the wife, files a plea to the bill, or such part of it as prays that she be decreed specifically to perform the agreement, substantially as follows:

That previous to the execution of the agreement, executed by her, the defendant Francis D. Weaver had entered into an agreement of similar import with the complainant.

That at the time of the execution of these agreements she, Catharine B. Weaver, was the owner in fee simple of the premises in controversy, and that the complainant declined to carry out his agreement with Francis D. Weaver unless the latter procured the defendant Catharine B. Weaver to also execute the agreement, which she afterwards signed; that she had no interest, directly or indirectly, in the profits, outcome or objects of the agreement between complainant and her husband, and has not, nor never had, any knowledge of the same; that she was, without any consideration whatever from Francis D. Weaver or the complainant, induced to sign and execute the agreement, and that she signed and executed the same solely to answer for the default of said Francis D. Weaver in his carrying out said agreement, and that at the time she signed and executed it, and since that time, she has been a married woman. All which matters and things she avers to be true, and pleads the provisions of the fifth section of the act entitled "An act to amend the law relating to property of married women" (*Rev. p. 637*), approved March 27th, 1874, in bar to the complainant's bill.

Section 5 of the act referred to is as follows:

"That any married woman shall, after the passing of this act, have the right to bind herself by contract, in the same manner and to the same extent as though she were unmarried, and which contracts shall be legal and obligatory, and may be enforced at law or in equity, by or against such married woman, in her own name, apart from her husband; *provided*, that nothing herein shall enable such married woman to become an accommodation endorser, guarantor or surety, nor shall she be liable on any promise to pay the debt or answer for the default or liability of any other person."

Thomas v. Weaver.

Motion is made, under Rule 213, to strike out the plea.

The reasons stated in the notice of motion are, substantially, that the facts as pleaded show no defence; that the contract is not the contract of a married woman to become an accommodation endorser, guarantor or surety; nor is it a promise to pay the debt or answer for the default or liability of another person; that the contract is not in contravention of the statute, nor is the statute a bar to the action.

Rule 213 provides a speedy and simple method of accomplishing the end formerly reached by demurrer, and on the hearing of the motion under the rule, as on the hearing of a demurrer, the allegations of facts, which are well pleaded, are to be taken as true. The allegations of fact of this plea, epitomized, are that the defendant Catharine B. Weaver was a married woman; that her husband, Francis D. Weaver, had made a contract for the conveyance of the property &c. in consideration of the transfer of the printing establishment as set out in the bill of complaint; that the complainant refused to carry out his agreement with her husband unless he would procure her also to execute a like agreement, being the one set out in the bill; that she had no interest, directly or indirectly, in the transaction or its outcome, or any knowledge of its objects, and that, without any consideration whatever, she was induced to execute the same, solely to answer for the default by her said husband in carrying out his agreement.

This presents, in the first place, the question whether the averments are sufficiently specific, and in the next place, if so, do they constitute a bar to the complainant's right of action as against her?

It is objected, in the first place, that the allegation that she has no interest, directly or indirectly, in the profits, outcome or objects of the agreement between complainant and her husband, is irrelevant and immaterial, and that she, without any consideration whatever, was induced to sign and execute the agreement, is immaterial. I do not so regard them.

The position which Mrs. Weaver assumes by the plea is that, in executing the agreement, she did so simply as surety that her

Thomas *v.* Weaver.

husband would carry out the agreement, which, she alleges, had been previously made by him with the complainant, and it is certainly not only relevant, but material, to such insistment that she had no interest whatever, directly or indirectly, in the transaction, and that she executed the same without any consideration to herself.

It is admitted that the allegation that she signed and executed the agreement. solely to answer for the. default of her said husband, in his carrying out his agreement, would be material if it was sufficiently specific.

As is said by Vice-Chancellor Pitney, in *Reeves* v. *Morgan, 3 Dick. Ch. Rep. 433,* the burden is on the married woman, who is sued on her contract, to set out and prove that she is within the exception of the proviso. It is difficult to conceive what other facts Mrs. Weaver could have pleaded in order to comply with these requirements. She alleges that her husband .and the complainant first made a contract; next, that the complainant refused to perform unless she, the wife, entered into a similar agreement, containing a provision that the two memoranda were to constitute an extra contract; that she had no interest whatever in the transaction, and that she received no consideration whatever for executing the same, followed by the declaration that she only did it as surety for her husband's carrying out his agreement.

On this motion these various allegations must be accepted as if they were proved, and the question only remains whether, if true, they are within the proviso of the statute pleaded.

There does not seem to be any room for argument as to this; for if her husband had made an independent contract with the complainant which he refused to perform unless the wife joined her husband therein, and if she did so without any interest whatever in the transaction, and without any consideration therefor, and simply as surety for her husband's performance, it would seem to bring the case squarely within the exception.

*Mr. Howard Carrow,* for the appellant.

*Mr. John W. Wescott,* for the respondents.

Heston v. Beckett.

Per Curiam.

Order affirmed, for the reasons given in the court of chancery.

*For affirmance*—The Chief-Justice, Dixon, Garrison, Lippincott, Magie, Reed, Van Syckel, Bogert, Brown, Krueger, Sims, Smith—12.

*For reversal*—None.

Isaiah M. Heston, appellant,

*v.*

Anna P. Beckett, respondent.

On appeal from a decree advised by Vice-Chancellor Green, whose opinion is reported in *Beckett* v. *Heston, 4 Dick. Ch. Rep. 510.*

*Mr. John W. Wartman,* for the appellant.

*Mr. Allen B. Endicott,* for the respondent.

Per Curiam.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—The Chief-Justice, Abbett, Depue, Dixon, Garrison, Lippincott, Magie, Reed, Van Syckel, Bogert, Brown, Krueger, Smith—13.

*For reversal*—None.